# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6401 | **DATE** | 5/22/2003 |
| **CASE TITLE** | Jimenez vs. Thompson Steel Company, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order granting defendant's motion to dismiss with respect to count III, and denying with respect to counts IV and V.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 3 2003 date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/22/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | | 03 MAY 22 PM 6:47 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

SALVADOR H. JIMENEZ,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No.  02 C 6401
                                  )
THOMPSON STEEL COMPANY, INC.,     )
                                  )
          Defendant.              )
                                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Salvador Jimenez filed a five count complaint against defendant Thompson Steel Company, Inc. ("Thompson") alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.* (counts I and II), discrimination in violation of the Illinois Human Rights Act, 755 ILCS 5/1-101 *et seq.* ("IHRA") (count III), and intentional and negligent infliction of emotional distress (counts IV and V). Mr. Jimenez alleges that he is of Mexican ancestry (Compl. ¶ 8), and that while employed at Thompson, non-Mexican employees were promoted ahead of him (Compl. ¶ 9). In addition, Mr. Jimenez alleges that he was subject to harassment by his foreman (Compl. ¶ 10), and that no action was taken by management, even after it was notified of the harassment (Compl. ¶ 11). Thompson moves to dismiss the IHRA count for failure to exhaust administrative remedies, and the two emotional distress counts as preempted by the IHRA. I grant the motion with

respect to count III, and deny the motion with respect to counts IV and V.

Count III: Illinois Human Rights Act

Thompson argues that Mr. Jimenez's IHRA claim must be dismissed because he has failed to exhaust his administrative remedies under the act. Under Illinois law, the comprehensive scheme of remedies and administrative procedures of the IHRA is the exclusive source of redress for alleged violations of the act. *Mein v. Masonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985). Courts have no authority to hear actions for alleged violations of the IHRA. *Id.* (citing legislative history that the act was designed "to avoid direct access to the courts"). Judicial participation in such claims is limited to review of final orders issued by the Illinois Human Rights Commission ("IHRC"). *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458 (7th Cir. 1994) (citing 775 ILCS 5/8-111(A)(1) and *Mein*, 485 N.E.2d at 314-15).

Mr. Jimenez does not allege that he exhausted his state administrative remedies and received a final order from the IHRC. Instead, he argues that his filing of a complaint with the EEOC and its issuance of a right to sue letter fulfills the exhaustion requirement. While Mr. Jimenez is correct in noting that the EEOC and the IHRC have a workshare agreement, a right to sue letter from the EEOC does not serve as a substitute for a final order from the IHRC. *Ellman v. Woodstock # 200 Sch. Dist.*, No. 99 C 50017, 2001

2

WL 218958, at *7 (N.D. Ill. Feb. 26, 2001) (Reinhard, J.). Absent a final order from the IHRC, which Mr. Jimenez fails to allege he has received, count III must be dismissed.

Counts IV and V: State Law Torts

Thompson argues that Mr. Jimenez's state law tort claims for intentional and negligent infliction of emotional distress are preempted by the IHRA and should be dismissed. In *Geise v. Phoenix Co. of Chicago,* 639 N.E.2d 1273 (Ill. 1994), the Illinois Supreme Court dismissed a plaintiff's tort claims as preempted by the IHRA because they were "inextricably linked" to claims of sexual harassment, over which the IHRC has exclusive jurisdiction. *Id.* at 516-17. In that case, the court dismissed claims filed by an employee against her employer alleging negligent hiring and retention of a manager who sexually harassed her. The Illinois Supreme Court later warned that *Geise* should not be read too broadly. "The rule from *Geise* is not that the [IHRA preempts] *all* tort claims related to [civil rights violations under the act]." *Maksimovic v. Tsogalis,* 687 N.E.2d 21, 23 (Ill. 1997) (emphasis in original). Rather, whether a tort claim is preempted "depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Id.*

The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct by defendant, (2) intent to

3

inflict or knowledge of a high degree of probability that conduct would cause severe emotional distress, and (3) severe emotional distress in fact. *Doe v. Calumet City,* 641 N.E.2d 498, 506 (Ill. 1994). The elements of negligent infliction of emotional distress of a direct victim[1] are simply duty, breach, and proximate causation. *Parks v. Kownacki,* 737 N.E.2d 287, 296-97 (Ill. 2000). Mr. Jimenez alleges that his foreman harassed him through assault, name-calling, use of racial slurs, taunting, and touching, and that this harassment caused him extreme emotional distress. (Compl. ¶¶ 10, 12.) Without knowing the details of the harassment (which Mr. Jimenez is not required to plead), I am left with the possibility that the conduct alleged was extreme and outrageous. *See Otterbacher v. Northwestern Univ.,* 838 F. Supp. 1256, 1262 (N.D. Ill. 1993) (Norgle, J.). Thompson can be liable for intentional infliction of emotional distress under a theory of *respondeat superior* if the foreman committed the alleged harassment within the scope of his employment. *See id.* Thompson can be liable for negligent infliction of emotional distress if it negligently failed to prevent the intentional infliction of emotional distress by the foreman. *See Arnold v. Pharmaceutica, Inc.,* 215 F. Supp. 2d 951, 956 (N.D. Ill. 2002) (Gottschall, J.).

---

[1] Illinois distinguishes between negligent infliction of emotional distress on a direct victim and on a bystander. *See, e.g., Corgan v. Muehling,* 574 N.E.2d 602 (Ill. 1991).

4

These tort claims are not preempted by the IHRA. In particular, the duty not to intentionally inflict emotional distress and an employer's duty to prevent intentional infliction of emotional distress by its employees derive from common law, not statutory law. *Id.* at 955-56. That conduct in violation of these duties may also constitute harassment under federal or state civil rights law does not affect the viability of the tort claims alleging such conduct. *Id.* Here, if the action of the foreman in harassing Mr. Jimenez was extreme and outrageous and constituted intentional infliction of emotional distress, it would be irrelevant whether the motive for this harassment (or the motive behind Thompson's failure to prevent it) were based on Mr. Jimenez's national origin.

Thompson cites *Westphal v. City of Chicago,* 8 F. Supp. 2d 809 (N.D. Ill. 1998), in support of its motion. In *Westphal,* I held that plaintiffs' intentional and negligent infliction of emotional distress claims were preempted because plaintiffs relied entirely on defendants' statutory duty to provide equal employment opportunities to all employees. Plaintiffs alleged that their employer discriminated against them on the basis of their disabilities, and that this discrimination caused extreme emotional distress. *Id.* at 812. *Westphal* would apply to Mr. Jimenez's emotional distress claims if they arose solely out of the alleged discrimination. Mr. Jimenez's emotional distress claims do not

5

arise solely out of the alleged discrimination, however. They arise out of the alleged harassment. Mr. Jimenez's allegations of harassment form a basis independent of IHRA duties for establishing his emotional distress claims. Mr. Jimenez's emotional distress claims here are not preempted by the IHRA.

Conclusion

Defendant's Motion to Dismiss is GRANTED with respect to count III, and DENIED with respect to counts IV and V.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: May 22, 2003